### Emma Griggs, Appellee, v. A. R. Griggs et al. John G. Petteys, Appellant.

### Gen. No. 6,403. (Not to be reported in full.)

Appeal from the Circuit Court of Grundy county; the Hon. Samuel C. Stough, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

### Statement of the Case.

Suit by Emma Griggs, complainant, against A. R. Griggs and his attorney, John G. Petteys, defendants, for injunction. From an order granting a temporary injunction against the defendant John G. Petteys, he appeals.

The defendant A. R. Griggs, being a nonresident of the State of Illinois, was not served with summons.

John G. Petteys, *pro se* and Charles F. Hanson, for appellant.

F. H. Hayes, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Griggs v. Griggs, 204 Ill. App. 160.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 864*—*what abstract must contain.* Any error alleged on appeal must be shown in the abstract, and the reviewing court will not search the record to find some error not shown therein.

2. APPEAL AND ERROR, § 799*—*how petitions and motions for change of venue, affidavits and rulings of court may be made part of record.* Petitions and motions for a change of venue and affidavits in support thereof and the ruling of the court thereon can only be made a part of the record by being incorporated in the bill of exceptions or certificate of evidence, both in chancery and at law, and a mere showing in the abstract that a petition for a change of venue was filed and denied would be insufficient to secure a review of such denial.

3. INJUNCTION, § 48*—*when temporary injunction against ousting landlord from premises in favor of lessee is correct.* Where a bill was filed alleging that complainant had been induced by defendants to sign a paper represented by them to be a power of attorney from her to collect rents of her property for a short time in order to secure payment to them for obtaining the release of her son from an asylum, that she relied on such representations in signing such paper, that she afterwards borrowed the money elsewhere and paid such expenses, that she subsequently learned said paper was in fact a twenty-year lease of said premises to one of defendants, that the other of the defendants had as attorney for this one collected the rents and retained part thereof after paying her a part, that the agreed rent in such lease had not been paid, and that the lessee was endeavoring to oust her from possession of the premises, *held* that a temporary injunction was authorized, notwithstanding one was not specifically prayed for in terms.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIV 11